**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4217

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY JOE GARNER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00332-JAB)

Submitted:  July 18, 2007          Decided:  August 16, 2007

Before WILKINSON and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Joe Garner entered a conditional guilty plea to one count of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), reserving the right to challenge the district court's denial of his motion to dismiss the indictment. Garner appeals, contending that his predicate state conviction for conspiracy to sell and deliver methamphetamine was not a "crime punishable by imprisonment for a term exceeding one year" under § 922(g)(1). We affirm.

Garner asserts that the maximum sentence for the crime based on his individual criminal history and North Carolina's structured sentencing scheme was less than twelve months. However, as Garner concedes, his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005).* Because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of conspiracy to sell and deliver methamphetamine in North Carolina, the district

---

*Garner urges us to reexamine Harp in light of the Supreme Court's recent decision in Cunningham v. California, 127 S. Ct. 856, 860 (2007) (holding that California's determinate sentencing law violated the Sixth Amendment by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence"). Nothing in Cunningham affects the analysis in Harp. Moreover, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

court properly considered Garner's prior conviction as a predicate felony for purposes of § 922(g)(1).

Accordingly, we affirm Garner's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED